798 A.2d 156

PATRICIA ROSIAK, PLAINTIFF, v.
JOHN MELVIN, DEFENDANT.

Superior Court of New Jersey
Chancery Division Monmouth County

Decided February 1, 2002.

Michael R. Leckstein, for plaintiff.

Patrick M. Durning, for defendant.

LOCASCIO, J.S.C.

As a result of defendant's alleged harassment, following the termination of their romantic relationship, plaintiff sought a domestic violence restraining order against defendant. The evidence revealed that, earlier in their relationship, defendant had told plaintiff that he had previously spent time in jail for assaulting his second wife. This court held that that statement, when combined with numerous telephone calls and a statement by defendant that plaintiff "will get it," constituted harassment within the meaning of the Prevention of Domestic Violence Act. The issue, of first impression, presented by the within matter, is whether evidence of a past incident of domestic violence *between defendant and a previous spouse, who is not a party in the action,* is admissible to prove that an ambiguous comment is made with a purpose to annoy or alarm plaintiff so as to constitute harassment. For the reasons submitted *infra,* which supplements a decision rendered during the course of a September 5, 2001 hearing, this court answers this question in the affirmative.

Plaintiff and defendant met five years prior to the alleged act of domestic violence. A romantic relationship progressed into both a cohabitation arrangement and a professional relationship, wherein defendant provided computer-consulting services to plaintiff's interior design business. When the romantic relationship disintegrated, plaintiff terminated defendant's employment. The result was a barrage of 41 telephone calls to plaintiff, over 7 days, that first revolved around a dispute over defendant's employment and monies owed for services rendered, but soon proceeded to pleas by defendant for plaintiff to reconsider her termination of their

romantic relationship. Plaintiff was then intercepted at a tennis court, where defendant screamed angrily at plaintiff: "you will get it." This court, after listening to a tape recording of the telephone calls, found that the calls were sufficient in number, frequency and tenor, in combination with the ambiguous threat at the tennis court, to constitute a finding of harassment under the Prevention of Domestic Violence Act, justifying the issuance of a final restraining order.

The Prevention of Domestic Violence Act, in order to reconcile the complexities of interpersonal relationships with the judicial system, instructs the court to consider "[t]he previous history of domestic violence *between the plaintiff and defendant,* including threats, harassment and physical abuse." *N.J.S.A.* 2C:25–29(a)(1) (emphasis added). In the instant matter, however, defendant's statement about his previous history of domestic violence was not "between the plaintiff and defendant", but between defendant and his second wife, who is not a party in this case. Therefore, in order to be admissible, this evidence must be relevant and consistent with the rules of evidence. Because defendant's statement to plaintiff, that he'd previously spent time in jail for assaulting his second wife, is clearly admissible as a statement of a party, *N.J.R.E.* 803(b)(1), as well as a statement against interest, *N.J.R.E.* 803(c)(25), this court must determine whether, in a domestic violence scenario, this statement is relevant and, therefore, admissible in evidence.

Evidence is relevant if it has "a tendency in reason to prove or disprove any fact of consequence to the determination of the action." *N.J.R.E.* 401. In the within matter, plaintiff alleged that defendant's conduct constituted "harassment," i.e. that defendant, with purpose to harass plaintiff, made "a communication *** [in a] manner likely to cause annoyance or alarm" *N.J.S.A.* 2C:33-4(a), and engaged in a "course of alarming conduct or of repeatedly committed acts with purpose to alarm or seriously annoy" plaintiff. *N.J.S.A.* 2C:33-4(c).

In *State v. Hoffman*, 149 *N.J.* 564, 695 *A.*2d 236, (1997), the court explained the difference between these two types of harassment:

> subsection (a) proscribes a single act of communicative conduct when its purpose is to harass. Under that subsection, annoyance means to disturb, irritate, or bother. \*\*\* [S]ubsection (c) targets a course of conduct. \*\*\* [S]erious annoyance under subsection (c) means to weary, worry, trouble, or offend. \*\*\* Thus, the difference between "annoyance" and "serious annoyance" is a matter of degree. [Id at 580–81, 695 A.2d 236].

Therefore, in the instant matter, to be relevant, defendant's statement must have a tendency to prove or disprove that it disturbed, irritated, or bothered plaintiff or caused plaintiff to be worried or troubled. In order to determine this, "[t]he incidents under scrutiny must be examined in light of the totality of the circumstances. This is particularly true in domestic violence cases in which a cycle of violent behavior is evident." *Id.* at 585, 695 A.2d 236.

 A threatening statement, when being considered in support of a domestic violence charge of terroristic threats or harassment, must be measured by an objective standard. *Cesare v. Cesare*, 154 *N.J.* 394, 402–404, 713 *A.*2d 390 (1998); *Roe v. Roe*, 253 *N.J.Super.* 418, 601 *A.*2d 1201 (*App.Div.*1992). In so doing, the court must consider:

> a plaintiff's individual circumstances and background in determining whether a reasonable person in that situation would have believed the defendant's threat. \*\*\* Therefore, in a domestic violence context, a court should regard *any past history of abuse by a defendant* as part of a plaintiff's individual circumstances and, in turn, factor that history into its reasonable person determination.
>
> \* \* \*
>
> A complaint charging harassment in the domestic violence context also requires an evaluation of the plaintiff's circumstances.
>
> \* \* \*
>
> [C]ourts must consider the totality of the circumstances to determine whether the harassment statute has been violated. [*Cesare v. Cesare, supra*, at 403–04, 713 A.2d 390 (emphasis added)].

In *Cesare*, during an argument about plaintiff's desire to end her 13 year marriage to defendant and the future of their three children,

(p)laintiff testified that defendant threatened that she would never get custody of their children and that there was no way he would sell the house and split the proceeds. Plaintiff responded that, if she utilized the court system, he might not have a choice in the matter. \*\*\* According to plaintiff, defendant responded, "As I've told you before, I do have a choice, and you will not get either of those things." Plaintiff interpreted that language as a threat on her life because, "[i]n the past, he has told me that he will kill me before I get custody of our children and before he gives me any part of our assets." Furthermore, plaintiff maintained, defendant purposely veiled his threat because plaintiff had recently gone to a lawyer and made his previous threats public. *Id.* at 406, 713 A.2d 390.

Additional testimony by plaintiff showed that defendant had previously threatened to secure plaintiff to the railroad tracks behind their house "until the train came" so it looked like an accident occurred while plaintiff "was taking a walk", or tie her up in their shed while arranging a propane explosion to "look like suicide". *Ibid.* In examining the ambiguousness of defendant's statement ("As I've told you before, I do have a choice, and you will not get either of those things."), the court determined that "an ambiguous incident qualifies as prohibited conduct, based on a finding of violence in the parties' past." *Id.* at 402, 713 A.2d 390. Furthermore, while "... a court is *not obligated to find* a past history of abuse before determining that an act of domestic violence has been committed in a particular situation, a court must at least *consider* that factor in the course of its analysis." *Ibid.*

Therefore, in the course of its analysis to determine whether the ambiguous statement at the tennis court qualifies as domestic violence, this court must consider "any past history of abuse by a defendant." *Id.* at 403, 713 A.2d 390. In the case *sub-judice,* the evidence, of defendant's past history of abusing his second wife, is relevant because it has a tendency to establish "a fact of consequence to the determination of the action", *N.J.R.E.* 401, i.e. the totality of plaintiff's circumstances at the time of the alleged act of domestic violence, which the court must consider in order to determine whether plaintiff would have reasonably been disturbed, worried, or troubled by defendant's ambiguous statement that "you will get it." For these reasons, this court holds that defendant's statement, that he had spent time in jail for assaulting his second wife, is admissible in evidence.